No. 14,776.

## BOWERS v. THE STATE, EX REL. TAYLOR.

SCHOOLS.—*Suspension of Pupil.*—*Mandamus.*—*Contempt of.*—In an action to compel a city school superintendent by mandamus to re-admit to school the relator's son alleged to have been wrongfully suspended, the answer alleged that the boy had been suspended for a violation of a rule, which was set out. A demurrer to the answer was overruled, and a reply of general denial was then filed. The trial resulted in a finding for the relator and a peremptory writ issued. Immediately thereafter the boy was re-admitted to school, but for a violation of the same rule for which he had been first suspended he was again suspended.

*Held*, that the court by overruling the demurrer to the answer adjudged that the rule was reasonable, and hence the defendant was not in contempt in suspending the pupil a second time.

From the Jay Circuit Court.

*J. W. Headington, J. F. La Follette* and *H. N. Headington,* for appellant.

*D. T. Taylor* and *R. H. Hartford,* for appellee.

McBRIDE, J.—Appellant was superintendent of the public schools of the city of Portland, Jay county. At the September, 1888, term of the Jay Circuit Court the relator filed a complaint in said court, alleging the wrongful suspension from said school by appellant of the relator's son, aged eleven years, and asking a writ of mandamus to compel appellant to re-admit him.

An alternative writ was issued and served, and on the return day the appellant appeared, and, after some preliminary steps, filed an answer in general denial, and also a special answer, alleging, in substance, that the boy had been suspended because of the violation by him of a certain rule theretofore adopted by the board of school trustees of said city as one of a code of rules for the government of the schools of the city, and of the superintendent, teachers and pupils of such schools. The rule in question was as follows:

" Rule 2. Any pupil who shall be absent two half days in any school month, or who shall be frequently tardy without satisfactory excuse to the teacher from parent or guardian, given in person or by written note, shall be reported to the superintendent, who shall, without exception or favor, suspend the pupil from school. Pupils thus suspended shall not be restored to the school until the parent or guardian shall give satisfactory assurance that the attendance shall be punctual in the future, and permission obtained from the school board or superintendent."

A demurrer to the special answer was overruled, a reply of general denial was filed, and the cause was tried by the court. The trial resulted in a finding for the relator and a judgment awarding a peremptory writ of mandate commanding the appellant to admit the relator's said son to the school.

This was on the 12th day of October, 1888, and the writ issued on the 19th day of October, 1888, but was not served until the 21st day of November, 1888. On the 11th day of December, 1888, the relator filed in said court his affidavit charging that appellant, in violation of said order, still excluded his said son from said school, and asking that he be attached and punished for contempt of court for disobeying said order. Appellant was ruled to appear and show cause why he should not be adjudged in contempt of court and punished accordingly.

In obedience to this rule the appellant filed his answer, under oath, showing that immediately on the making of the order for the re-admission of the boy to the school, in October, he had been re-admitted thereto, and had thereafter continued to attend the school until the 15th day of November, when, for violation of the rules of the school he was again, by order of the board of school trustees of the city, suspended. That the violation of the rules for which he was the second time suspended occurred long after the order was

made for his re-admission, and after he had been restored to said school in obedience to said order.

The court held the answer insufficient, and the appellant declining to answer further the court made the following finding and order:

" The court finds that said pupil was suspended under Rule 2, since the rendition of judgment in the principal cause, and that the court deems said Rule 2, which is in words and figures as follows, to wit, (see rule hereinbefore set out), an unreasonable and pernicious rule, tending to promote suspensions and expulsions, and to deprive pupils of the benefit of the public schools, without any misconduct on their part for which teachers or school officers have any right to suspend or expel.   Wherefore the defendant is ordered to receive back into the public schools said infant, Eugene B. Taylor.   And it is therefore considered and adjudged by the court that the defendant, Henry W. Bowers, is guilty of contempt, and that he do make his fine unto the State of Indiana in the sum of five dollars and pay all costs in the cause. And it is further adjudged by the court that the defendant stand committed until said fine and costs are paid or replevied."

We are unable to see upon what ground the appellant could be adjudged guilty of contempt of court.   His action, or rather the action of the school board through him, in the second time suspending the pupil, was not in violation of the order for his restoration, but was in exact accordance with the judgment of the court as shown by the record. When the appellant filed his answer to the alternative writ of mandate he showed thereby that the pupil had been suspended for violating Rule 2, and for no other cause.   Two issues were formed on this answer, one of law and one of fact.   The relator having demurred to it he thereby tendered an issue of law as to the sufficiency of the answer.   The court by overruling the demurrer adjudged the answer sufficient.   This was an adjudication that the rule in question

was reasonable, and that in its adoption the board of school trustees had not abused the discretion with which the law has clothed them for the management of the schools under their charge. The reply of general denial tendered an issue of fact, and the finding and judgment of the court against appellant, and the peremptory mandate commanding that the pupil be readmitted to the school, were an adjudication against appellant on that issue, and were, in substance, an adjudication that the answer was untrue, and that the pupil had not been suspended because of a violation of Rule 2, as therein alleged, but for some other cause. Whether the ruling on the demurrer to appellant's answer was right or wrong it was the law of the case, and so far as that case and the parties to that litigation were concerned, such ruling, while unreversed, was conclusive as to the reasonableness of Rule 2, and the right of the board of school trustees and appellant to suspend the relator's son for violating it.

The finding of the court upon which appellant was adjudged guilty of contempt shows that the acts constituting the alleged contempt were precisely such acts as the court had by its ruling on the demurrer said the appellant might lawfully do. No question is properly before this court as to the reasonableness or unreasonableness of the rule under which the pupil was suspended, nor was any such question properly before the circuit court. The only question to be considered here is, did the appellant violate the order in the second time suspending the pupil? What the court decided in the original case can only be determined from the record, and as above shown, the record discloses no such violation of that order.

The court erred in adjudging him guilty of contempt.

Judgment reversed, with costs.

Filed Feb. 17, 1891.